**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee W. Collins, | No. CV 05-1656-PHX-SMM-CRP |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a *pro se* inmate, Defendants have moved to dismiss (Doc. #8) for lack of exhaustion. Plaintiff responded (Doc. #17) and Defendants replied (Doc. #19). After careful review of these pleadings and the record, the Court will grant Defendants' motion.

**I. Background**

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Joe Arpaio and John Doe, alleging that they violated his constitutional rights by (1) threatening his safety due to overcrowding, (2) an inadequate and tainted diet, and (3) overcrowding and inadequate facilities (Doc. #1). Defendant Arpaio was ordered to answer the Complaint, and subsequently filed a Motion to Dismiss (Docs. ##6, 8). Defendant Arpaio argued that Plaintiff failed to exhaust his administrative remedies because he did not file any grievances or pursue any external grievance appeal (Doc. #8). Attached to the motion were (1) an affidavit of Zelean Tademy, Hearing Officer for inmate discipline and grievances, and (2) the Maricopa County Sheriff's Office Inmate Grievance Procedure (Docs. ##8, 10).

1 Plaintiff responded that the grievance procedures are flawed because there is no recourse once an inmate is released from custody or transferred to a state facility (Doc. #17). Moreover, the Sheriff's Office routinely loses grievances, or summarily dismisses them (Id.). Plaintiff attached an affidavit from another inmate, in which that inmate attested that he could not exhaust the grievance procedures due to time constraints and the staff regularly avoids dealing with grievances (Id.).

## II. Legal Standard

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

## III. Analysis

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a

1 Grievance Form upon request, and must submit the form to a detention officer. The
2 unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.
3 If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision
4 to the jail commander, whose decision may be appealed to an External Referee. The External
5 Referee's decision is final. Tademy attested that Plaintiff did not file any grievances
6 regarding the allegations in his Complaint and did not file any External Appeals for
7 Grievances (Doc. #10 at ¶4).

8 Defendant Arpaio demonstrated that there is a grievance procedure, of which Plaintiff
9 failed to avail himself. Plaintiff's argument that there is no avenue from grieving once an
10 inmate is released or transferred from custody is without merit. Plaintiff does not indicate
11 that he was unable to file a grievance due to his release or transfer, and he apparently did not
12 attempt to exhaust his administrative remedies while he was in Maricopa County custody or
13 thereafter. Finally, information Plaintiff received from another inmate is insufficient to
14 support an allegation that Plaintiff was "reliably informed" that there were no available
15 remedies. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, Defendants'
16 Motion to Dismiss will be granted.

17 **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 8) is **granted**.
18 Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
19 shall enter a judgment of dismissal accordingly.

20 DATED this 27th day of September, 2006.

23 Stephen M. McNamee
United States District Judge